UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

N. KALONJI OWUSU I, aka
NATHANIEL PORTER,

        Plaintiff,

v.

HARESH PANDYA, JEFFREY
STIEVE, PATRICIA CARUSO,
MICHAEL SARVER, SYLVIA
McQUEEN, PRISON HEALTH
SERVICES, and
CORRECTIONAL MEDICAL
SERVICES,

        Defendants.
_____/

CASE NO. 09-13511
DISTRICT JUDGE THOMAS L. LUDINGTON
MAGISTRATE JUDGE DONALD A. SCHEER

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

RECOMMENDATION: Defendants' respective Motions for Summary Judgment should be GRANTED, as Plaintiff has failed to establish any violations of his federally secured constitutional rights by any deliberate indifference to his serious medical needs.

\* \* \*

Plaintiff, while incarcerated at the Michigan Reformatory in Ionia, Michigan[1], filed the instant Complaint, pursuant to 42 U.S.C. § 1983, on September 4, 2009, against the above named defendants, alleging that they had been deliberately indifferent to his serious medical needs. Specifically, Plaintiff asserts that he was denied adequate medical care for back and shoulder pain. Claiming violations of his Eighth Amendment rights under the federal Constitution, Plaintiff seeks compensatory and punitive damages and injunctive relief.

---

[1]Plaintiff is still incarcerated at the Michigan Reformatory.

Defendants Caruso, Pandya and Stieve filed a Motion for Summary Judgment on March 23, 2010. Defendant Caruso, the Director of the Michigan Department of Corrections (MDOC), asserts that Plaintiff has failed to state a claim that she directly participated in, encouraged, or implicitly authorized the alleged unconstitutional conduct. Defendants Pandya and Stieve, regional chief medical officials employed by the MDOC, deny any deliberate indifference to a serious medical need. They maintain that they were not deliberately or wantonly indifferent to Plaintiff's serious medical needs, and that they did not knowingly refuse to provide urgently needed medical care so as to cause residual injuries which could have been prevented with timely attention (Docket #27).

Defendants Prison Health Services (PHS) and Dr. Sylvia McQueen filed a separate Motion to Dismiss on March 23, 2010, based upon a failure to state a claim upon which relief may be granted. PHS asserts that Plaintiff has failed to allege that any policy, procedure or custom of the medical provider violated his constitutional rights. Dr. McQueen claims that Plaintiff has failed to allege facts showing she violated Plaintiff's constitutional rights. (Docket #26). Plaintiff filed a response to the motion to dismiss, arguing that his claims against PHS were viable and well pled. He agreed, however, that the claims against Dr. McQueen should be dismissed with prejudice. (Docket #46).

Defendant CMS filed a separate Motion for Summary Judgment on May 7, 2010, based upon a failure to show that they directly participated in, encouraged, or implicitly authorized the alleged unconstitutional conduct. (Docket #44). Plaintiff has not filed a response to CMS' dispositive motion to date.

<u>INADEQUATE MEDICAL TREATMENT</u>

The Eighth Amendment bans cruel and unusual punishment which involves the unnecessary and wanton infliction of pain. <u>Hudson v. McMillan</u>, 503 U.S. 1, 5 (1992);

**2**

Pelfrey v. Chambers, 43 F.3d 1034, 1037 (6th Cir. 1995). It is well established that deliberate indifference to serious medical needs constitutes the unnecessary and wanton infliction of pain. Estelle v. Gamble, 429 U.S. 97, 104-105 (1976). To sustain an Eighth Amendment claim of deliberate indifference to medical needs, a prisoner must satisfy a two prong test. First, he must demonstrate that his medical needs were serious and required attention that adhered to "contemporary standards of decency." Hudson, 503 U.S. at 8. Then, he must establish that defendants were deliberately indifferent to those needs. Id.

Deliberate indifference exists when "the official knows of and disregards an excessive risk to inmate health and safety; the official must be aware of facts from which the inference could be drawn that a substantial risk of harm exists, and he must also draw the inference." Farmer v. Brennan, 511 U.S. 825, 837 (1994). In other words, this prong is satisfied when a prison official acts with criminal recklessness, i.e. when he or she "consciously disregard(s) a substantial risk of serious harm." Brooks v. Celeste, 39 F.3d 125, 128 (6th Cir. 1994)(citing Farmer, 114 U.S. at 839-840).

Mere negligent inattention to a prisoner's request for assistance does not offend substantive due process under the Fourteenth Amendment, Davidson v. Cannon, 474 U.S. 344 (1986), and medical malpractice does not become a constitutional violation merely because the victim is a prisoner. Estelle, 429 U.S. at p. 106. Basically, there must be a knowing failure or refusal to provide urgently needed medical care which causes a residual injury that could have been prevented with timely attention. The court must consider the wide discretion allowed prison officials in their treatment of prisoners under authorized medical procedures. Westlake v. Lucas, 537 F.2d 857, 860 (6th Cir. 1976).

A. Defendant Caruso

Plaintiff's claim of liability against Defendant Caruso is based upon her supervisory authority and failure to respond to his grievances. Plaintiff does not allege any specific personal involvement by Caruso in his medical treatment. Plaintiff maintains, however, that MDOC Director Caruso knew, or should have known, of CMS's inadequate provision of medical care to inmates in the custody of the MDOC. He further maintains that she failed to train medical staff or enact policies to ensure against Eighth Amendment violations of the prison's duty to provide medical care.

The doctrine of respondeat superior does not apply in § 1983 lawsuits to impute liability to supervisory personnel, unless it is shown that "the supervisor encouraged [a] specific incident of misconduct or in some other way directly participated in it." See Monel, 436 U.S. at 691-695; Bellamy v. Bradley, 729 F.2d 416, 421 (6th Cir. 1984). At a minimum, a plaintiff must show that the official implicitly authorized, approved or knowingly acquiesced in the unconstitutional conduct. Shehee v. Luttrell, 199 F.3d 295, 300 (6th Cir. 1999).

In this case, Plaintiff fails to demonstrate any specific conduct by Defendant Caruso that would support a finding that she directly participated in, encouraged, or implicitly authorized or approved the alleged unconstitutional conduct. Supervisory liability under § 1983 cannot attach where the allegation of liability is based on a mere failure to act. Bass v. Robinson, 167 F.3d 1041, 1048 (6th Cir. 1999). Liability must be based upon active unconstitutional behavior. Id. Plaintiff offers no case law giving notice to supervisory officials that they can be held personally liable for the inadequacies of a medical provider with whom they contracted.

4

To the extent Plaintiff complains about a failure to respond to his grievances, the general rule is that a combination of knowledge of a prisoner's grievances and failure to respond to or remedy the complaints is insufficient to impose liability upon supervisory personnel under § 1983. Hays v. Jefferson County, 668 F.2d 869, 874 (6th Cir. 1982), cert. denied, 459 U.S. 833 (1982). Defendant Caruso was merely part of the prison administration during the relevant time, and there is no evidence that any "policy" personally promulgated by her had anything to do with Plaintiff's treatment. Moreover, Plaintiff has not shown that this Defendant had "actual knowledge of a breakdown in the proper workings of the department." See Hill v. Marshall, 962 F.2d 1209, 1213 (6th Cir. 1992). Absent a showing that she was personally or directly involved, Defendant Caruso may not be held liable for compensatory and punitive damages. Accordingly, the monetary claim against her should be dismissed regardless of the constitutional sufficiency of Plaintiff's actual treatment.

### B. Defendants Pandya, Stieve and Sarver

A review of the circumstances here clearly reveals that Plaintiff's medical needs were not addressed with "deliberate indifference," "intentional delay," or "delay of access to medical care." Estelle, 429 U.S. at 104-105. Plaintiff acknowledged in his complaint that he received immediate medical treatment for shoulder, cervical and lumbar pain. Symptoms initially began in March 2008, while Plaintiff was incarcerated at the Ryan Correctional Facility. He was seen several times in the ensuing months by MDOC medical staff. (Complaint at pp. 4–14). Plaintiff was treated for his joint pain with a combination of drug therapies. His primary complaint is that the medications that have been prescribed by treating doctors have failed to alleviate his joint discomfort Plaintiff believes the doctors

have been deliberately indifferent to his serious medical needs because they refuse to provide him stronger pain medications(Complaint at p.15).

Plaintiff's claim against Defendants Pandya, Stieve and Sarver amount to a disagreement with the medical conclusions reached and treatment rendered. Even to the extent that the conclusions or treatment were incorrect or misguided, "medical malpractice does not become a constitutional violation merely because the victim is a prisoner." Estelle, 429 U.S. 105. Plaintiff does not allege that any of the medical providers "consciously disregarded a substantial risk of serious harm." Brooks, 39 F.3d at 128. He simply disagrees with the treatment provided. A difference of opinion between a prisoner and the treating physician's diagnosis and prescribed treatment does not support an Eighth Amendment claim. Hix v. Tennessee Dept. of Corrections, 196 F. App'x 350, 356 (6th Cir. 2006); Westlake, 537 F.2d. at 860 n.5

Even accepting the facts as provided by Plaintiff, the record is clear that Defendants Pandya, Stieve and Sarver were not deliberately or wantonly indifferent to his serious medical needs. They did not knowingly refuse to provide urgently needed medical care. Although Plaintiff may not be happy with the treatment he received for his pain while in state custody, the record demonstrates that health care personnel were at all times responsive to his medical condition.

In situations such as this, where there is a substantial record of medical treatment, or simply a difference of opinion between a prisoner and prison doctors, the requisite deliberate indifference has usually been held not to exist. Smart v. Villar, 547 F.2d 112, 114 (10th Cir. 1976); Mayfield v. Craven, 433 F.2d 873 (9th Cir. 1970). While Plaintiff makes broad conclusory allegations against the three physicians, he does not link them to

any specific incident in which they were personally indifferent to his medical needs. Plaintiff conclusory allegations are insufficient to state a claim upon which relief can be granted. Defendants Pandya, Stieve and Sarver[2], should be dismissed.

### C. Prison Health Service and Correctional Medical Services

The medical personnel who treated Plaintiff worked for either Prison Health Service (PHS) or Correctional Medical Services (CMS), private corporations providing medical care at Michigan prisons and camps by contract. PMS and CMS, however, acting as agents of the State, are not liable under the theory of respondeat superior. Berry v. City of Detroit, 25 F.3d 1342, 1345 (6th Cir. 1994); Street v. Corrections Corporation of America, 102 F.3d 810, 817-818 (6th Cir. 1996). The general rule is that a private corporation, carrying out a governmental function, may not be sued under § 1983 for a wrong inflicted solely by its employees or agents unless they are executing some official policy, practice or custom that was a "moving force" behind the alleged constitutional violation. Monell v. Dept of Social Services, 436 U.S. 658, 694 (1978); Graham v. County of Washtenaw, 358 F.3d. 377, 383 (6th Cir. 2004).

Plaintiff has failed to produce evidence that anyone was deliberately indifferent to his medical needs in reliance on any specific custom or procedure maintained by either

---

[2]Service of process against Defendant Sarver was returned unexecuted in March 2010 (Docket #22). Due process requires service of process in order to obtain in personam jurisdiction over an individual defendant. See Amen v. City of Dearborn, 532 F.2d 554, 557 (6th Cir. 1976). Plaintiff bears the burden of perfecting service of process, and showing that proper service was made. See Byrd v. Stone, 94 F.3d 217, 219 (6th Cir. 1996). Plaintiff has not satisfied this burden. As a result, the complaint against Defendant Sarver should be dismissed because he has not been served within 120 days after the filing of the complaint, as required by Rule 4(m) of the Federal Rules of Civil Procedure. Alternatively, based on the uncontested facts presented in this case, the Complaint should be dismissed against Dr. Sarver for failure to state a claim for which relief can be granted.

PHS or CMS. Furthermore, Plaintiff is completely unable to demonstrate that his alleged injuries resulted from the execution of any particular policy allegedly maintained by PHS or CMS. Accordingly, Defendants PHS and CMS should be dismissed from this action.

For the foregoing reasons, it is recommended that Defendants' respective Motions to Dismiss and Summary Judgment be granted for failure to state a claim for which relief can be granted. The claims against Defendant McQueen should be dismissed, as stipulated by Plaintiff (Docket #46). Given this recommendation, Defendants' Motions to Stay Discovery (Docket #57 and #58) should be denied as moot.

                              s/Donald A. Scheer
                              DONALD A. SCHEER
                              UNITED STATES MAGISTRATE JUDGE

DATED: June 30, 2010

---

**CERTIFICATE OF SERVICE**

I hereby certify on June 30, 2010 that I electronically filed the foregoing paper with the Clerk of the Court sending notification of such filing to all counsel registered electronically. I hereby certify that a copy of this paper was mailed to the following non-registered ECF participants on June 30, 2010: **Nathaniel Porter.**

                              s/Michael E. Lang
                              Deputy Clerk to
                              Magistrate Judge Donald A. Scheer
                              (313) 234-5217