UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

NATHANIEL PORTER,
a.k.a. N. Kalonji Owusu I,

        Plaintiff,

v.

        Case Number 09-13511-BC
        Hon. Thomas L. Ludington

HARESH B. PANDY, JEFFREY C. STIEVE,
PATRICIA L. CARUSO, JANE/JOHN DOE,
CORRECTIONS MEDICAL SERVICES, INC.,
PRISON HEALTH SERVICES, INC.,
MICHAEL SARVER, SYLVIA MCQUEEN,

        Defendants.
_____/

**ORDER OVERRULING PLAINTIFF'S OBJECTIONS, ADOPTING THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION, AND DENYING PLAINTIFF'S MOTION FOR A TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION**

Plaintiff Nathaniel Porter filed a pro se prisoner civil rights complaint on September 4, 2009, alleging constitutional violations pursuant to 42 U.S.C. § 1983. Generally, Plaintiff alleges that the health care that he received and continues to receive in prison, the primary aspect of which is pain management, was and continues to be constitutionally inadequate. Plaintiff has named individual doctors and Corrections Medical Services, Inc. ("CMS"), and Prison Health Services, Inc. ("PHS") as Defendants. He has also named "Jane/John Doe" as a Defendant.

Now before the Court is the report and recommendation [Dkt. # 34, Apr. 21, 2010] of Magistrate Judge Donald A. Scheer, recommending that the Court deny Plaintiff's motion for a temporary restraining order and preliminary injunction. Judge Scheer recommends denying Plaintiff's motion because Plaintiff has not demonstrated a likelihood of success on the merits of his claims, or that the relief requested would serve the public interest. More specifically, Judge Scheer

explains that Plaintiff has not provided specific facts to support the conclusion that he is exposed to a substantial risk of serious harm, that Defendants are aware of any such risk, or that Defendants have not taken appropriate action to address Plaintiff's medical condition. Rather, it is apparent that Plaintiff has received regular clinical evaluations and medications to manage his medical condition, but is unsatisfied with the results of Defendants' treatment.

On May 3, 2010, Plaintiff filed four objections [Dkt. # 45] to the report and recommendation. First, Plaintiff objects that Judge Scheer applied an incorrect legal standard, and that Plaintiff has made a strong showing of the likelihood of success on the merits as well as the potential for irreparable harm. Second, Plaintiff objects that Judge Scheer incorrectly concluded that Plaintiff is not exposed to a substantial risk of serious harm because pain management is the only treatment for Plaintiff's degenerative disk disease, short of surgery. Third, Plaintiff objects that Judge Scheer incorrectly concluded that Defendants did not have knowledge that Plaintiff was exposed to a substantial risk of serious harm and took appropriate actions. Fourth, Plaintiff objects to Judge Scheer's statement that it is apparent that Plaintiff has received regular clinical evaluations and medications to manage his condition, but that he is unsatisfied with the results of Defendants' treatment.

Based upon a review of the record, Plaintiff's objections will be overruled. Judge Scheer applied the correct legal standard and his conclusions are supported by the record. Nothing in Plaintiffs' objections undermine Judge Scheer's conclusions, with which the Court agrees. Most importantly, despite Plaintiffs' assertions to the contrary, Plaintiff has not demonstrated a strong likelihood of success on the merits. As he acknowledges, pain management is the primary course of treatment for his disease, and he has been receiving regular pain medication. *See generally*

*Westlake v. Lucas*, 537 F.2d 857, 860 n.5 (6th Cir. 1976) ( "Where a prisoner has received some medical attention and the dispute is over the adequacy of the treatment, federal courts are generally reluctant to second guess medical judgments and to constitutionalize claims which sound in state tort law").

Accordingly, it is **ORDERED** that Plaintiff's objections [Dkt. # 45] to the report and recommendation are **OVERRULED**

It is further **ORDERED** that the report and recommendation [Dkt. # 34] is **ADOPTED**.

It is further **ORDERED** that Plaintiff's motion for a temporary restraining order and preliminary injunction [Dkt. # 23] is **DENIED**.

s/Thomas L. Ludington
THOMAS L. LUDINGTON
United States District Judge

Dated: August 30, 2010

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on August 30, 2010.

s/Tracy A. Jacobs
TRACY A. JACOBS