UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

NATHANIEL PORTER,
a.k.a. N. Kalonji Owusu I,

        Plaintiff,

v.

        Case Number 09-13511-BC
        Hon. Thomas L. Ludington

HARESH B. PANDYA, JEFFREY C. STIEVE,
PATRICIA L. CARUSO, JANE/JOHN DOE,
CORRECTIONS MEDICAL SERVICES, INC.,
PRISON HEALTH SERVICES, INC.,
MICHAEL SARVER, SYLVIA MCQUEEN,

        Defendants.
_____/

**ORDER ADOPTING THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION; GRANTING DEFENDANTS MCQUEEN AND PRISON HEALTH SERVICES' MOTION TO DISMISS, DEFENDANTS PANDYA, STIEVE, AND CARUSO'S MOTION FOR SUMMARY JUDGMENT, AND CORRECTIONAL MEDICAL SERVICES' MOTION FOR SUMMARY JUDGMENT; DENYING PLAINTIFF'S MOTION FOR LEAVE TO AMEND/SUPPLEMENT COMPLAINT; AND DENYING AS MOOT PLAINTIFF'S MOTION TO EXTEND TIME TO FILE OBJECTIONS, PLAINTIFF'S MOTION FOR SANCTIONS, AND DEFENDANTS' MOTIONS TO STAY DISCOVERY**

        Plaintiff Nathaniel Porter filed a pro se prisoner civil rights complaint on September 4, 2009, alleging constitutional violations pursuant to 42 U.S.C. § 1983. Generally, Plaintiff alleges that the health care that he receives in prison is constitutionally inadequate. Plaintiff has degenerative disc disease, for which the primary aspect of treatment is pain management. Plaintiff complains that Defendants will not prescribe the specific pain medication "Ultram," although they have prescribed and offered Plaintiff other pain medications. Plaintiff has named individual doctors, Corrections Medical Services, Inc. ("CMS"), and Prison Health Services, Inc. ("PHS") as Defendants. He has also named "Jane/John Doe" as a Defendant.

Now before the Court is the report and recommendation [Dkt. # 61, June 30, 2010] of Magistrate Judge Donald A. Scheer, recommending that the Court grant Defendants' pending dispositive motions. This includes Defendant Sylvia McQueen and PHS's motion to dismiss [Dkt. # 26, Mar. 23, 2010], Defendants Haresh B. Pandya, Jeffrey C. Stieve, and Patricia L. Caruso's motion for summary judgment [Dkt. # 27, Mar. 23, 2010]; and CMS's motion for summary judgment [Dkt. # 44, May 7, 2010]. Plaintiff concedes that his claims against Defendants McQueen and CMS should be dismissed with prejudice. Such resolution of these claims is appropriate and they will be dismissed with prejudice.

With respect to Defendant Caruso, Judge Scheer recommends dismissal of Plaintiffs' claims because Plaintiff does not allege any specific personal involvement by Defendant Caruso in his medical treatment, and only maintains that she is liable based upon her supervisory authority and treatment of his grievances. With respect to Defendants Pandya, Stieve, and Michael Sarver, Judge Scheer recommends dismissal of Plaintiff's claims because they did not address Plaintiff's medical needs with "deliberate indifference," "intentional delay," or "delay of access to medical care." Judge Scheer emphasizes the regular care that Plaintiff has undisputedly received and the fact that Plaintiff simply disagrees with Defendants' conclusions regarding the specific type of pain medication that is necessary to address Plaintiff's condition. Finally, Judge Scheer recommends dismissal of Plaintiff's claims against PHS because Plaintiff has not demonstrated any constitutional violations, and therefore cannot demonstrate that PHS was a "moving force" behind any constitutional violations.

On July 14, 2010, Plaintiff filed a motion for a seven-day extension of the time to file objections to the report and recommendation. *See* [Dkt. # 63]. However, as of today's date, Plaintiff

did not file objections to the report and recommendation. The election to not file objections to the magistrate judge's report releases the Court from its duty to independently review the record. *Thomas v. Arn*, 474 U.S. 140, 149 (1985).

Although Plaintiff did not file objections, he did file a motion for leave to amend/supplement the complaint. *See* [Dkt. # 67]. Plaintiff seeks leave to "clarify and more artfully plead" his claims. He complains that Defendants' dispositive motions were filed prematurely, that he is entitled to discovery before his claims are dismissed, and that his condition continues to worsen. Plaintiff specifically complains that he has not had an MRI completed since November 8, 2008. He attaches a medical record from May 14, 2010, wherein the physician recognized that Plaintiff has degenerative disc disease and explained, inter alia, that he "cannot find any objective exanubatuib evidence that would warrant 'updating' the MRI findings." Plaintiff also attaches a "progress note" wherein Defendant Stieve recorded that Plaintiff "has been offered tylenol, baclofen, flexeril, lodine, naprosyn, pamelor, tegretol, ultram and Vit D for his pain. At this time he chooses to be on just the Vit D. I see no indication for ultram or baclofen for him currently."

In response [Dkt. # 68, 69] to Plaintiff's motion, Defendants contend that Plaintiff's request is untimely, and assert that amending or supplementing the complaint would be futile. *See Crawford v. Roane*, 53 F.3d 750, 753 (6th Cir. 1995) (citing *Ford v. Ford*, 371 U.S. 187 (1962)) ("A motion to amend a complaint should be denied if the amendment is brought in bad faith, for dilatory purposes, results in undue delay or prejudice to the opposing party, or would be futile."). "A proposed amendment is futile if the amendment could not withstand a Rule 12(b)(6) motion to dismiss." *Rose v. Hartford Underwriters Ins. Co.*, 203 F.3d 417, 420 (6th Cir. 2000) (citing *Thiokol Corp. v. Dep't of Treasury, State of Mich.*, 987 F.2d 376, 382-83 (6th Cir. 1993)). In reply, Plaintiff

denies Defendants' assertions that his request is not timely and that amending or supplementing the complaint would be futile. Plaintiff emphasizes that "[t]he court should freely give leave when justice so requires." *See* Fed. R. Civ. P. 15(a).

Based on a review of the record and Plaintiff's motion, Plaintiff's motion for leave to amend or supplement the complaint will be denied because it would be futile. Plaintiff has not advanced any factual allegations, evidence, or claims to materially undermine Judge Scheer's conclusions that Plaintiff has not demonstrated any constitutional violations by these Defendants, including any previously unidentified Jane or John Does. The record demonstrates that Plaintiff has been receiving regular care and that Plaintiff simply continues to disagree with Defendants' conclusions regarding the specific type of pain medication that is necessary to address Plaintiff's condition and whether an MRI would serve a useful medical purpose.

Accordingly, it is **ORDERED** that the report and recommendation [Dkt. # 61] is **ADOPTED**.

It is further **ORDERED** that Defendants McQueen and Prison Health Services' motion to dismiss [Dkt. # 26]; Defendants Pandya, Stieve, and Caruso's motion for summary judgment [Dkt. # 27]; and Defendant Correctional Medical Services' motion for summary judgment [Dkt. # 44] are **GRANTED**.

It is further **ORDERED** that Plaintiff's motion for leave to amend/supplement the complaint [Dkt. # 67] is **DENIED**.

It is further **ORDERED** that Plaintiff's motion to extend time to file objections [Dkt. # 63], Plaintiff's motion for sanctions [Dkt. # 64], and Defendants' motions to stay discovery [Dkt. # 57, 59] are **DENIED AS MOOT**.

It is further **ORDERED** that Plaintiff's complaint [Dkt. # 1] is **DISMISSED WITH PREJUDICE**.

s/Thomas L. Ludington  
THOMAS L. LUDINGTON  
United States District Judge

Dated: August 31, 2010

---

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on August 31, 2010.

s/Tracy A. Jacobs  
TRACY A. JACOBS

---